Kirkpatrick, C. J.
— Thought the objection a sound one, and that the testimony could not be received.
Rossell, J. — -Was of opinion, that the objection ought to be overruled and the testimony admitted.
Pennington, J.
— Said that he had understood the law to be settled, that whenever the actual time of suing out the writ became material, it might be shown in contradiction to the fictitious test of the writ: which for form sake, only had *216 relation to the preceding terra,[1] and that in the present case, the demandant had been under necessity of pleading it, it was not made necessary by the pleadings of the tenant.
[*] Mr. Leake. — If I had so plead, I should have plead very ignorantly.
Pennington, J. — I did not say it was necessary or proper, for you to plead in that manner; but I think the evidence admissible without pleading; the question arises collaterally on trial. — Objection overruled.
The attorney being sworn, proved satisfactorily that the writ was not sued out until the latter part of August, 1806.
Mr. Leake then contended, that our act of Assembly had no relation to dower, but was an abstract of the statute of 6 Ann, chap. 18, which only had relation to guardian, trustees, remainder-men, &c.
The court was of opinion that there was no similarity between the two acts; that the one was not founded on the other, or abstracted from it, and concurred in rendering
Judgment for the defendant.
Cited in Crosby v. Stone, 2 Penn 988; Updike Ex v. Ten Brock, 3 Vr. 105.

 In 2d Bur. 962, Lord Mansfield says, The court will not endure that a mere form or fiction of law, introduced for the sake of justice, should work a wrong, contrary to the real truth and substance of the thing, and they have (for 150 years) uniformly held, and when it became material to distinguish, they would consider the day when the writ was taken out, as the substance, and the test as the form.